# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICOLE C. BEEBE, | |
|     Plaintiff(s), | Case No. 2:09-cv-2379-RLH-LRL |
| vs. | **O R D E R**<br>(Motion to Dismiss–#21) |
| LITTON LOAN SERVICING LP, *et al.*, | |
|     Defendant(s). | |

       Before the Court is Litton Loan Servicing LP's **Motion to Dismiss Remanded Claims in Plaintiff's Complaint** (#21, filed April 11, 2011). Plaintiff filed an Opposition (#22), to which Defendant filed a Reply (#23).

       By way of background, this case was referred to the Multi-District Litigation case (*In Re Mortgage Electronic Registration Systems (MERS) Litigation,* MDL No. 2110) in the District of Arizona. On March 21, 2011, the U.S. District Court for the District of Arizona remanded to this Court all claims other than those related to the formation and/or operation of the MERS system. The present Motion is for dismissal of those remanded claims, which consist of Counts 1, 6, 7, 8, and 9.

      As an aside, the District of Arizona recently dismissed the claims against MERS.

      An examination of the Complaint reveals that it does not make a single substantive allegation regarding Litton's alleged involvement in the alleged wrongdoing upon which Plaintiff bases the Complaint. There are references or allegations which respect to actions by Litton, but none of Plaintiff's causes of action arise out of these allegations. Furthermore, the remaining counts are unsustainable as a matter of law.

MOTION TO DISMISS (12(b)(6)) LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (internal citations omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (Internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*,

550 U.S. at 570.

I. COUNT 1

Count 1 fails for two reasons. First, the Nevada law commonly known as NULPA only applies to "lender[s]" that "*make a home loan . . . without determining . . . that the borrower has the ability to repay the loan*" NRS 598D.100(1)(b) (emphasis added). Litton did not originate the loan. It was only the servicer of the loan, so the statute does not apply to it.

Second, the loan was originated in 2005 and the above provision was not made a part of the statute until 2007. Accordingly, it forms no basis for any claim as to this mortgage loan.

II. COUNT 6

This claim is for unjust enrichment. However, it is well-settled law in Nevada that "[a]n action based on a theory of unjust enrichment is not available where there is an express written contract" that covers the subject matter of the Plaintiff's claim. *Leasepartners Corp. v. Robert L. Brooks Trust,* 942 P.2d 182, 184 (Nev. 1997). This claim also fails.

III. COUNT 7

This claim fails because it is moot. Count 7 alleges a violation of NRS 107.080 arising from the failure to file a new notice of trustee's sale after Litton communicated to Plaintiff's counsel more than three times that the sale had been postponed. Plaintiff alleges that this failure caused a wrongful foreclosure because "the November 30, 2009 sale has not been properly noticed." See Complaint paragraph 183.

First, because Plaintiff was in default under the terms of her note and deed of trust, she cannot make a claim for wrongful foreclosure. Second, the injunctive relief sought is moot because Plaintiff is asking the Court to declare the *pending* sale void. There was no sale on November 30, 2009, nor has there been any evidence presented that any sale is pending. Accordingly, the relief sought will not lie.

IV COUNTS 8 and 9

In these two counts, Plaintiff attempts to state independent causes of action for

3

1 declaratory and injunctive relief, in addition to seeking such relief for her other causes of action.
2 Requests for declaratory and injunctive relief do no state independent causes of action.  They are only
3 claims for relief.  They do not state any facts that would give rise to a claim for these types of relief.
4 *See First Fed. Sav. & Loan Ass'n of Nev. v. Racquet Club Condos.,* 801 P.2d 1360, 1362 (Nev. 1990)
5 *vacated on other grounds,* 805 P.2d 601 (Nev. 1991); *See also Stock W., Inc. v. Confederated Tribes*
6 *of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Furthermore, because all the actual
7 causes of action are being dismissed, there remain no bases for granting the relief sought.  Accord-
8 ingly, these two counts also fail.

9        IT IS THEREFORE ORDERED that Litton Loan Servicing LP's **Motion to Dismiss**
10 **Remanded Claims in Plaintiff's Complaint** (#21) is GRANTED, and this case is dismissed in its
11 entirety.

12        IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly.
13        Dated: September 13, 2011.

_____
**Roger L. Hunt**
**United States District Judge**

4